CHARLES PATTERSON et al.

v.

THOMAS H. READ, executor.

Where a testator, by his will, gave to his widow the interest and profits of the residue of his estate, or so much thereof as she might require or desire for life, and provided that in case of her death before the children of her daughter, S. P., should have attained to their majority, so much of the interest as, in the judgment of the executor, should be necessary for the support and maintenance of those children during their minority, should be applied thereto, it was *held* that relatives who had supported two of the children after the widow's death were entitled to compensation therefor out of the interest, and that proper education is included in the provision for support and maintenance. One of the children was a boy of seventeen years of age.—*Held*, that he could not be required to aid in supporting himself.

Bill for construction of will &c.  On exceptions to master's report.

*Mr. H. G. Clayton* and *Mr. R. Allen, Jr.,* for complainants.

*Mr. C. H. Winfield,* for defendant.

THE CHANCELLOR.

By the will of Wilson Read, deceased, which was construed in this cause, the testator gave to his wife all the interest and profits arising from the residue of all his personal and real estate, or so much thereof as she might require or desire, for life, and provided that in case of her death before the children of his daughter, Sarah Patterson, should have attained to their majority, so much of the interest as, in the judgment of his executor, should be necessary for the support and maintenance of those children, during their minority, should be applied thereto.  The testator's widow is dead.  It was referred to a master to ascertain and report whether the complainants, who are minor children of the testator's daughter Sarah, have any means of support;

and, if any, how much, and what amount of expenditure has been, since the death of the widow, and now is, necessary to be paid by the defendant out of the interest of the residue of the estate for their support, maintenance and education.

The master has reported, and objections, by way of exceptions, are made to the report that the complainants are not entitled to a decree for past maintenance because it appears, as the defendant insists, that there has been no expenditure incurred therefor ; that the complainants have been gratuitously supported by their relatives ; that the master has reported that $5 a week should be expended for the board of the complainant, Charles E. Patterson; whereas the defendant insists that Charles, who is now nearly seventeen years old, should aid in supporting himself; that there should be no directions for expenditure for education of the complainants, because the cost of their education is not within the provision of the will, which is for "support and maintenance ;" and that if it be within the provision, the complainants may attend free schools. It is also urged that the defendant should be credited with $456 heretofore paid by him to the guardian of the complainants on account of their support.

There can be no doubt that the executor was bound to provide proper support and maintenance for the complainants from the time of the death of the testator's widow. And therefore those who have supported them since that time are entitled to compensation from him out of the interest of the residue for so doing. Under such a provision for support and maintenance of children as that contained in the will in this case, the children are entitled to proper education out of the interest of the fund if it be sufficient for the purpose. In this case, Charles attends a private school. Both are desirous of getting as good an education as they can during their minority. Cora proposes to fit herself to be a teacher. It is reasonable that their desires in this matter should be gratified.

Nor could Charles be required to engage in labor to assist in supporting himself. The will gives to the complainants support and maintenance during their minority.

Patterson *v.* Read.

Of course, in any account of the moneys furnished for support and maintenance the executor will be entitled to credit for the $456 already paid. The report should be confirmed. There should be an allowance of $50 to each side, payable out of the interest of the residue, for counsel fees upon the reference and exceptions.